UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

────────────────────────────

ERIC SMITH,                                    Civil No. 07-4546 (JRT/AJB)

            Plaintiff,

        v.                                **REPORT AND RECOMMENDATION**

DAVID MENTER, BRIAN MENNE, and
L. T RICHARD THOMAS,

            Defendants.

────────────────────────────

Plaintiff is a prisoner of the State of Minnesota who is currently incarcerated at the

Prairie Correctional Facility in Appleton, Minnesota.  He commenced this action by filing a

pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. 1983."  (Docket

No. 1.)[1]   Plaintiff did not pay the $350 filing fee for this action when he filed his complaint,

(see 28 U.S.C. § 1914(a)), but instead applied for leave to proceed in forma pauperis,

("IFP").  (Docket Nos. 5 and 6.)  By order dated November 8, 2007, (Docket No. 7), Plaintiff

was advised that his IFP application would not be addressed, and his case would not go

forward, until after he paid an initial partial filing fee of $13.90, as required by 28 U.S.C. §

1915(b)(1).  Plaintiff has now paid his initial partial filing fee, (Docket No. 11), so this case

can now proceed.

────────────────────

[1]  Plaintiff subsequently filed an amended complaint, (Docket No. 8), which adds
little, (if anything), to his original pleading.  The amended complaint could properly be
stricken, because it does not comply with Local Rule 15.1, (which requires that a party who
files an amended pleading must "reproduce the entire pleading as amended, and may not
incorporate any prior pleading by reference").  For present purposes, however, the Court
has accepted and considered both of Plaintiff's pleadings of record, (Docket Nos. 1 and 8),
as well as all of Plaintiff's other submissions in this matter.

The matter has been referred to this Court for initial screening pursuant to 28 U.S.C.

§ 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and

Local Rule 72.1.  For the reasons discussed below, the Court finds that Plaintiff has failed

to state a claim on which relief can be granted, and that this action should therefore be

dismissed pursuant to § 1915A(b)(1).

## I. BACKGROUND

Plaintiff was arrested in the City of Minneapolis on November 11, 2004.  He is now

attempting to sue three Minneapolis police officers who were involved in his arrest – David

Mentor, Brian Menne, and Richard Thomas.  According to Plaintiff's complaint, his arrest

was precipitated by information that Defendant Menter allegedly received from a

confidential informant.  The informant allegedly told Menter that Plaintiff would be delivering

cocaine to someone at a particular location in South Minneapolis.  (Complaint, [Docket No.

1], "Statement of Claim" Addendum, ¶s 8-9.)

As later explained by the Minnesota Court of Appeals, some Minneapolis police

officers went to the location where the informant said Plaintiff could be found.  State v.

Smith, No. A05-1641 (Minn.App. 2007), 2007 WL 968397 (unpublished opinion) at *1, rev.

denied, June 19, 2007.  The informant accompanied the police, and when they arrived at

the specified location, the informant pointed out Plaintiff's car, and confirmed that Plaintiff

was in the car.  Id.  Based on the information provided by the informant, the police stopped

Plaintiff's car and arrested him.  Id.

According to the current complaint, Defendants Menter and Menne participated in

Plaintiff's arrest.  (Complaint, "Statement of Claim" Addendum, ¶s 10-14.)  Plaintiff claims

that Menter "acted without a warrant and without probable cause."  (Id., ¶ 10.)  He also

2

claims that "Menne presented fabricated information about there was a glitch in his squad car computer," and, in fact, "there was no probable cause to arrest or prosecute" Plaintiff. (Id., ¶ 13.)

After Plaintiff was arrested, he was taken to a police station, where he was strip searched.   Smith, 2007 WL 968397 at *1.   Plaintiff was strip searched because the informant had told the police that Plaintiff often hid drugs "in his buttocks area."   Id.   Upon searching Plaintiff, the police found "a cellophane bag that was protruding from [Plaintiff's] buttocks."   Id.   The police determined that the bag contained cocaine, and Plaintiff was then charged with a controlled substance offense under Minnesota law.   Id.

During the course of Plaintiff's subsequent state criminal proceedings, he filed a motion to suppress the evidence seized during the strip search that followed his arrest.   Id. He apparently contended that the evidence was obtained pursuant to a search that was unconstitutional because it followed an arrest made without probable cause.   Plaintiff's suppression motion was denied, and a jury later found him "guilty as charged."   Id.   Plaintiff is currently serving a prison sentence that was imposed as a result of that verdict.

After Plaintiff was convicted, he filed an appeal that presented several grounds for relief.   One of Plaintiff's claims on appeal challenged the legality of his arrest, and the ensuing strip search that netted the evidence used to convict him.   The Minnesota Court of Appeals addressed that claim as follows:

> "[T]he district court found that there was probable cause to arrest [Plaintiff], that he was under arrest when the strip search occurred, and that based on information from the [informant], the officer had reason to believe that [Plaintiff] was hiding narcotics in his buttocks.   Based on this record, we conclude that [Plaintiff's] consent was not necessary to conduct the strip search, and the evidence obtained therein was admissible."

3

Id. at *7.  Thus, the Court of Appeals rejected Plaintiff's challenges to his arrest and search, (as well as all of his other claims), and upheld his conviction.  Id. at *9.  The Minnesota Supreme Court later denied Plaintiff's request for further review of the case.

In the present civil rights action, Plaintiff is again claiming, (just as he did during his state criminal case), that he was arrested and searched without probable cause, in violation of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments.  Plaintiff is attempting to sue Defendants Menter and Menne, based on their direct involvement in the arrest and search.  He is also attempting to sue a third officer, Defendant Thomas, who allegedly "supervised" the strip search.  (Complaint, "Statement of Claim" Addendum, at ¶ 16.)  Plaintiff is seeking a judgment that would award him "Punitive + Declaratory Damages from each Defendant in the amount of $14,630,000.00."  (Complaint, p. 3, § V "Relief.")

## II.  DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A.  That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental parties "before docketing, if feasible or, in any event, as soon as practicable after docketing."  28 U.S.C. § 1915A(a).  The Court must determine which aspects of the pleading are actionable and should be allowed to proceed.  If a prisoner-plaintiff has failed to plead a claim on which relief can be granted, his action must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).  For the reasons discussed below, the Court finds that in this case Plaintiff has failed to plead any cause of action on which relief can be granted, and

4

that his current lawsuit must therefore be dismissed in its entirety.

Plaintiff's present § 1983 civil rights action is barred by the Supreme Court's decision in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  In <u>Heck</u>, the Court reaffirmed that a prisoner cannot challenge the fact or duration of his incarceration in a civil rights action.  Habeas corpus is the exclusive federal remedy for a state prisoner who believes that he is being wrongly imprisoned.  <u>Id</u>. at 481, citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-90 (1973).

<u>Heck</u> further holds that even when a prisoner-plaintiff is not directly challenging the fact or duration of his incarceration, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." <u>Heck</u>, 512 U.S. at 483.

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, <u>when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated</u>."

<u>Id</u>. at 486-87 (footnote omitted; emphasis added); <u>see</u> <u>also</u>, <u>Sheldon v. Hundley</u>, 83 F.3d 231, 233 (8th Cir. 1996) ("<u>Heck</u> requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release").

In this case, the Court finds that a judgment in Plaintiff's favor on his current civil

rights claims would cast doubt on the validity of his state criminal conviction and sentence. Although Plaintiff is not directly challenging his conviction or sentence, he obviously is challenging the legality of his arrest, and the ensuing strip search, and if he were to succeed on those challenges, the validity of his conviction would be in doubt.

The Court recognizes that a prisoner can, under certain circumstances, seek relief in a federal civil rights action for violations of his constitutional rights that allegedly occurred during the course of an arrest or search, which preceded his criminal conviction. In Heck, the Supreme Court explained that:

> "[A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, ... [citation omitted] and especially harmless error, ... [citation omitted] such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful."

512 U.S. at 487, n. 7.

The Eighth Circuit Court of Appeals has also pointed out that "some section 1983 actions, 'even if successful, will not demonstrate the invalidity of any outstanding criminal judgment' against a plaintiff and should be allowed to proceed." Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam), quoting Heck, 512 U.S. at 487.

Here, however, Plaintiff has candidly acknowledged that the validity of his conviction is inextricably predicated on the validity of his arrest, and the resulting strip search and cocaine seizure. In two separate documents, he declares that he was "falsely, and unlawfully arrested, thus illegally convicted for 2nd degree possession of cocaine." ("Affidavit In Support Of Plaintiff's Motion For Appointment Of Counsel," [Docket No. 4], ¶ 2; "Motion For Appointment Of Counsel," [Docket No. 9], ¶ 2, [emphasis added].) This

6

clearly shows that the validity of Plaintiff's conviction hinges on the legality of his arrest and subsequent strip search, and that a successful constitutional challenge to the arrest and search (in this action) would necessarily undermine the validity of his state conviction.

The Court finds the present case to be indistinguishable from <u>Ballenger v. Owens</u>, 352 F.3d 842 (4th Cir. 2003). There, a prisoner named Stanley Ballenger brought a § 1983 action against a state trooper, claiming that the trooper had "illegally and unconstitutionally stopped him, searched his automobile, and seized the automobile and property found in the automobile, including cocaine." <u>Id</u>. at 843. Ballenger was later convicted of a state controlled substance offense, based on the cocaine that was seized by the trooper. After Ballenger went to prison, he tried to sue the trooper for the allegedly unconstitutional vehicle stop, and the allegedly unconstitutional search and seizure that followed. The Fourth Circuit Court of Appeals concluded that Ballenger's § 1983 claims were barred by <u>Heck</u>, because a judgment in his favor would cast doubt on the validity of his controlled substance conviction. The Court explained that –

> "Ballenger... challenges the traffic stop and asserts that the search that followed was illegal as the fruit of an illegal stop. If Ballenger succeeds in demonstrating in this § 1983 case that his traffic stop was illegal, the illegality of the search would require the suppression of the evidence seized. Ballenger has advanced no circumstances, nor conceived of any to our knowledge, to suggest how the state could convict him of cocaine trafficking if the automobile stop were to have been found illegal. In the particular circumstances of this case, there could be no independent source for the cocaine and no inevitable discovery of it. Moreover, if the evidence obtained by the search were suppressed, there could be no harmless error because there would be no evidence of illegal drug trafficking. It was possession of the cocaine discovered in Ballenger's automobile that constituted the criminal offense, and were that evidence to be suppressed by reason of the illegality of the search, the conviction could not be salvaged.... [ ¶ ] For these reasons, we conclude that the district court properly applied <u>Heck v. Humphrey</u> to dismiss this § 1983 action."

Id. at 847.

The reasoning of Ballenger is directly applicable here.  In this case, as in Ballenger, if the arrest, search and seizure at issue were found to be unconstitutional, then Plaintiff's concomitant criminal conviction would be unsustainable.  Without the arrest, search and seizure, there would be no evidence to support the conviction.  In short, "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction."  Heck, 512 U.S. at 487.  Therefore, Plaintiff's present lawsuit is barred by Heck.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff has failed to state any cause of action on which relief can be granted, and that this case must therefore be dismissed pursuant to 28 U.S.C. § 1915A(b).[2]  Because the case is to be dismissed pursuant to Heck, it should be dismissed without prejudice.  Schafer v. Moore, 46 F.3d 43,

---

[2] Even if this case survived the § 1915A screening process, Plaintiff's current claims for relief could not survive a subsequent motion to dismiss or motion for summary judgment based on Allen v. McCurry, 449 U.S. 90 (1980).  In that case, the Supreme Court held that collateral estoppel will normally bar a § 1983 plaintiff from relitigating issues that were resolved against him in a related state criminal case.  See Cota v. Chapa, 2 Fed.Appx. 621, 622 (8th Cir. 2001) (unpublished opinion) at *1 (District Court properly dismissed plaintiff's § 1983 "Fourth Amendment claim of arrest without probable cause on the ground that 'collateral estoppel bars plaintiff from challenging the state court's findings with regard to the sufficiency of the evidence used to support probable cause for his arrest'"), (quoting decision of District Court Judge John R. Tunheim in Cota v. Chapa, Civil No. 99-817 (JRT/RLE), (D.Minn. 2000) ("Memorandum Opinion and Order," dated March 6, 2000, [Docket No. 21], at p. 10)).  See also DeMillo v. City of Chaska, Civil No. 00-2041 (D.Minn. 2001), 2001 WL 1640059 at *3-4 (state district court's determination that defendants had probable cause to arrest the plaintiff supported collateral estoppel defense, and barred plaintiff's "efforts to retry her criminal conviction" in federal court).  Here, it appears from the Minnesota Court of Appeals' decision in Smith that the constitutionality of Plaintiff's arrest and ensuing search and seizure were fully addressed and upheld in Plaintiff's state criminal case.  Therefore, if Heck were not applied here, Plaintiff's current § 1983 claims would undoubtedly be subject to dismissal based on collateral estoppel.

45 (8th Cir.1995) (per curiam).

Because Plaintiff has not pleaded an actionable claim for relief, his application for leave to proceed IFP must be denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $350 filing fee.[3]  To date, he has paid only $13.90, so he still owes $336.10.  Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

The Court will also recommend that Plaintiff's motion for appointment of counsel, (Docket No. 9), be summarily denied, because he has failed to plead an actionable claim. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).  Lastly, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

--------------------

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action.  However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee."  In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee.  Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").  Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee.  See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

1.  Plaintiff's application for leave to proceed in forma pauperis, (Docket Nos. 5 and 6), be **DENIED**;

2.  Plaintiff's motion for appointment of counsel, (Docket No. 9), be **DENIED**;

3.  This action be **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1);

4.  Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $336.10, in accordance with 28 U.S.C. § 1915(b)(2); and

5.  The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).


Dated: December 10, 2007

   s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before December 26, 2007.