UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ERIC SMITH, | Civil No. 07-4546 (JRT/AJB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| DAVID MENTER, BRIAN MENNE, and Lt. RICHARD THOMAS, | |
| Defendants. | |

Eric Smith, #190828, CCA/Prairie Correctional Facility, Box 500, Appleton, MN 56208-0500, *pro se* plaintiff.

Plaintiff Eric Smith brought this civil rights action against three Minneapolis police officers. Before the Court is plaintiff's motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1). In a Report and Recommendation dated December 10, 2007, United States Magistrate Judge Arthur J. Boylan recommended that this Court deny the motion and dismiss this action. Plaintiff filed timely objections to the Magistrate Judge's recommendation, and the Court has now reviewed those objections *de novo* pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons discussed below, the Court adopts the Report and Recommendation and denies plaintiff's motion to proceed IFP.

## BACKGROUND[1]

Plaintiff was convicted of a controlled substance offense after a jury trial in Hennepin County district court. *State v. Smith*, 2007 WL 968397 (Minn. Ct. App. Apr. 3, 2007). Following his conviction and appeal, plaintiff filed this civil rights action against Minneapolis police officers David Menter, Brian Menne, and Richard Thomas. According to plaintiff, these three defendants were involved in his arrest in Minneapolis on November 11, 2004.

Plaintiff alleges that his arrest was based on information provided by a confidential informant. The informant allegedly told defendant Menter that plaintiff would be delivering cocaine to an address in South Minneapolis. Minneapolis police officers went to the South Minneapolis location accompanied by the informant, who pointed out plaintiff's car and confirmed that plaintiff was in the car. Based on the information provided by the informant, the officers stopped plaintiff's car and arrested him. Plaintiff alleges that defendants Menter and Menne participated in his arrest. According to the Complaint, Menter and Menne arrested plaintiff without a warrant and without probable cause.

Plaintiff was transported to a police station following his arrest. Plaintiff was strip searched at the station based on the informant's statement that plaintiff often hid drugs "in his buttocks area." *Id.* at *1. The search revealed a cellophane bag containing 7.22 grams of cocaine that was "protruding from [plaintiff's] buttocks." *Id.* Plaintiff was

---

[1] The relevant background is derived primarily from the facts set forth in the Magistrate Judge's Report and Recommendation.

subsequently charged with a controlled substance offense under Minnesota law. Prior to trial, plaintiff filed a motion to suppress evidence obtained during the strip search. Plaintiff argued that the police officers had no probable cause to stop plaintiff's vehicle or to arrest and search plaintiff. *Id.* at *2. The district court denied the motion to suppress, and plaintiff was subsequently convicted by a jury in Hennepin County district court.

Plaintiff appealed his conviction, arguing in part that his arrest and strip search were unlawful and that any resulting evidence should have been suppressed. The Minnesota Court of Appeals disagreed, noting that:

> [T]he district court found that there was probable cause to arrest [plaintiff], that he was under arrest when the strip search occurred, and that based on information from the [informant], the officer had reason to believe that [plaintiff] was hiding narcotics in his buttocks. Based on this record, we conclude that [plaintiff's] consent was not necessary to conduct the strip search, and the evidence obtained therein was admissible.

*Id.* at *7. The Court of Appeals upheld plaintiff's conviction and the Minnesota Supreme Court later denied plaintiff's request for further review of the case. Plaintiff is presently serving a prison sentence in connection with his conviction.

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, arguing once again that he was arrested and searched without probable cause in violation of his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments. Plaintiff seeks money damages in connection with his § 1983 claim. Plaintiff has also filed a motion to proceed IFP in this matter under 28 U.S.C. § 1915(a)(1), and a motion for appointment of counsel.

## ANALYSIS

Under the Prison Litigation Reform Act of 1995 ("PLRA"), federal courts are required to "screen" pleadings in all civil actions brought by prisoners against governmental entities or its officers or employees. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims, or dismiss the complaint if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). Here, the Magistrate Judge determined that plaintiff's § 1983 claim was barred because it effectively calls into question the lawfulness of his conviction and confinement.

The Supreme Court has held that habeas corpus is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973). A civil rights action for damages that "call[s] into question the lawfulness of [a] conviction or confinement" is not cognizable under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 483 (1994). In assessing the validity of a § 1983 claim, courts must consider whether a judgment in favor of the plaintiff would imply that his underlying conviction or sentence is invalid. *Id.* at 487. "[I]f it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Where dismissal is appropriate, the appropriate recourse for a plaintiff is to file a petition for a writ of habeas corpus once he has exhausted state remedies. *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (stating that dismissal of a § 1983 claim pursuant to *Heck v. Humphrey* should be without prejudice).

The Supreme Court in *Heck* also recognized that some § 1983 actions, even if successful, do not necessarily imply that the underlying conviction is invalid. *Id.* at 486-87. As an example, a § 1983 claim alleging an unlawful search may go forward even if evidence derived from that search was used to secure a still-outstanding conviction. *Id.* at 487 n.7. "Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful." *Id.* (internal citations omitted).

The issue here is whether plaintiff's challenge to the legality of his arrest and strip search necessarily implies that his underlying conviction was unlawful. The Court finds that it does. Plaintiff was convicted of second-degree possession of cocaine, a controlled substance. A finding that plaintiff's initial arrest was unlawful because there was insufficient cause would undermine the validity of the subsequent strip search of the plaintiff, and would necessarily require the suppression of evidence of cocaine found on plaintiff's person as a "fruit of the poisonous tree." *See Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963).

Plaintiff has alleged no facts suggesting that the evidence of cocaine would have been discovered even if his initial arrest was found to be unlawful. The Court finds no factual basis for concluding that there was an independent source for the cocaine, or that the cocaine would have been inevitably discovered by the officers. *See Ballenger v. Owens*, 352 F.3d 842, 847 (4th Cir. 2003) (finding § 1983 claim barred because "[t]he cocaine seized was uniquely available from the alleged illegal search"). Because

evidence of cocaine could not have been discovered and lawfully admitted under an exception to the "fruit of the poisonous tree" doctrine, a successful § 1983 claim would require suppression of the key evidence in plaintiff's trial for possession of cocaine. If plaintiff's § 1983 claim were successful, therefore, the trial court's failure to suppress this evidence could not be deemed harmless error. *See id.* ("[I]f the evidence obtained by the search were suppressed, there could be no harmless error because there would be no evidence of illegal drug trafficking."). For these reasons, the Court agrees with the Magistrate Judge that "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487. Plaintiff's § 1983 claim is therefore barred, and his motion to proceed IFP must be denied.[2]

The Magistrate Judge also determined that, notwithstanding the dismissal of plaintiff's § 1983 claim, the plaintiff remains liable for the unpaid balance of $336.10 toward the total filing fee in this action.[3] The PLRA provides that a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b). Thus, while prisoners are permitted under the PLRA to file actions without paying a full filing fee in advance of the litigation, they

---

[2] The Magistrate Judge further determined that plaintiff would be collaterally estopped from asserting the § 1983 claim. Collateral estoppel bars a plaintiff from challenging in a § 1983 claim a state court's findings regarding evidence used to support probable cause for an arrest. *See Allen v. McCurry*, 449 U.S. 90, 104-05 (1980). The Minnesota Court of Appeals has already addressed plaintiff's claim that the officers' arrest and search were unlawful. *Smith*, 2007 WL 968397, at *7. Thus, even if plaintiff's § 1983 claim were not barred under *Heck*, the Court agrees that it would be barred under the doctrine of collateral estoppel.

[3] The plaintiff paid an initial partial filing fee of $13.90 pursuant to 28 U.S.C. § 1915(b). The outstanding balance of the $350 filing fee is therefore $336.10.

remain liable for the entire portion of the filing fee. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). As such, the Court agrees with the Magistrate Judge that plaintiff remains liable for the unpaid balance of $336.10.[4]

**ORDER**

Based on the foregoing records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 13] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated December 10, 2007 [Docket No. 12]. **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Application for Leave to Proceed In Forma Pauperis [Docket Nos. 5 and 6] is **DENIED**.

2. Plaintiff's Motion to Appoint Counsel [Docket No. 9] is **DENIED**.

3. This action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1).

---

[4] Additionally, the Magistrate Judge determined that plaintiff's motion for appointment of counsel should be denied because plaintiff has failed to plead an actionable claim. *See Edgington v. Mo. Dept. of Corrs.*, 52 F.3d 777, 780 (8th Cir. 1995) (finding that motion for appointment of counsel should be considered if the plaintiff has stated a facially cognizable claim). The Magistrate Judge also found that the dismissal of this action should count as a "strike" against plaintiff. *See* 28 U.S.C. § 1915(g) (noting that a prisoner's civil action dismissed for failure to state a claim counts as one of three strikes precluding further actions "unless the prisoner is under imminent danger of serious physical injury"). Plaintiff has not objected to these recommendations, and the Court adopts them without further discussion.

4. Plaintiff is required to pay the unpaid balance of the Court filing fee of $336.10, pursuant to 28 U.S.C. § 1915(b)(2).

5. The dismissal of this action shall be counted as a "strike" against plaintiff for purposes of 28 U.S.C. § 1915(b).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

The Clerk of Court is respectfully directed to mail a copy of this order to plaintiff.


DATED: March 31, 2008          s/ John R. Tunheim
at Minneapolis, Minnesota.          JOHN R. TUNHEIM
         United States District Judge